**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 97-4184

JAMES A. CHRISTMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-50)

Submitted: January 30, 1998

Decided: February 19, 1998

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marshall M. Slayton, MARTIN & RAYNOR, P.C., Charlottesville,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James A. Christmas pled guilty to possession of crack cocaine with intent to distribute while on federal release in violation of 21 U.S.C. § 841(a)(1) (1994), and 18 U.S.C. § 3147 (1994). The court sentenced Christmas to 117 months imprisonment, a consecutive three-month term under § 3147, and four years of supervised release. The court also ordered that twenty-five months of the sentence run partially concurrently with an undischarged federal sentence. See USSG § 5G1.3(c).* Christmas appeals his sentence, contending that the government failed to prove by a preponderance of the evidence the disputed information in the presentence report and that the district court erred in finding that $2519 in cash seized from him at the time of his arrest was drug proceeds and in converting the cash into its drug equivalent. Finding no error, we affirm.

Christmas first contends that the government failed to meet its burden of proof at the sentencing hearing regarding whether the cash seized was drug proceeds. Contrary to Christmas' assertion, however, the defendant--not the government--must make an affirmative showing that disputed information in the presentence report is unreliable or untrue. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

Next, Christmas challenges the district court's factual finding that the cash seized was drug proceeds. At the sentencing hearing, the district court noted the inconsistency between Christmas' testimony that a portion of the $2519 came from a Sears paycheck and about $2200 came from a tax refund received in April 1995 and Christmas' wife's testimony that she could not recall when they received a $1500 refund. Moreover, the district court considered Christmas' failure to provide any documentation from the tax service that prepared his tax return or from Internal Revenue as to the amount of refund due Christmas. We therefore find no clear error in the district court's finding that the $2519 was drug proceeds. See United States v. Hall, 93

_____

*U.S. SENTENCING GUIDELINES MANUAL (1995).

2

F.3d 126, 132 (4th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6791) (stating standard of review).

Finally, Christmas complains that the district court erred in determining the amount of drugs attributable to him because the court converted the $2519 in cash to its crack equivalent. Conversion of money derived from drug trafficking to its equivalent drug amount is permissible. <u>See</u> USSG § 2D1.1, comment. (n.12); <u>United States v. Hicks</u>, 948 F.2d 877, 882-83 (4th Cir. 1991). And contrary to Christmas' assertion, the court did not include the additional 12.59 grams of crack cocaine when establishing the base offense level. Consequently, we find no clear error in the district court's finding that Christmas was accountable only for the amount of drugs stipulated in the plea agreement.

We therefore affirm Christmas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3